UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY BROWN,

    Plaintiff,

v.                                                      Case No. 2:05-cv-43
                                                    HON. ROBERT HOLMES BELL

UNKNOWN JOHNS, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Johnny Brown, an inmate currently confined at the Bellamy Creek Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Unknown Case Manager Johns and Warden Jerry Hofbauer, both of whom are employed at the Marquette Branch Prison (MBP). The court initially dismissed Plaintiff's claims against Defendant Hofbauer for failure to state a claim and against Defendant Johns for failure to exhaust administrative remedies. Plaintiff appealed and the Sixth Circuit affirmed the dismissal against Defendant Hofbauer, but reversed the dismissal of Plaintiff's claims against Defendant Johns. Defendant Johns has now filed a motion for summary judgment.

        Plaintiff's complaint alleges that while he was incarcerated at MBP on November 19, 2003, he gave Defendant Johns his application for leave to appeal to the Michigan Supreme Court. Plaintiff states that the due date for this filing was November 27, 2003. Plaintiff alleges that Defendant Johns signed the verification of receipt and took the document to be mailed via the expedited legal mail procedure. On February 24, 2004, Plaintiff wrote to the Michigan Supreme

Court Clerk Corbin R. Davis, seeking to find out the status of the application for leave to appeal. Plaintiff was told that his filing was never received by the Michigan Supreme Court. Plaintiff then filed a grievance and appealed the denial of that grievance to step III. Plaintiff contends that the failure of Defendant Johns to mail his pleading in a timely fashion caused Plaintiff to be barred from appealing his criminal conviction in the Michigan Supreme Court. For relief, Plaintiff requests compensatory damages, as well as declaratory and injunctive relief.

Presently before the Court is Defendant Johns' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

*See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In the brief in support of the motion for summary judgment, Defendant Johns claims that, contrary to the allegations in Plaintiff's complaint, Plaintiff did not give him any legal mail on November 19, 2003. In support of Plaintiff's claim that Defendant Johns took his legal papers for processing on November 19, 2003, at 9:30 a.m., Plaintiff offers a copy of a "disbursement authorization for expedited legal mail," which Plaintiff claims was signed by Defendant Johns. Plaintiff attaches this document to his complaint as an exhibit. Defendant Johns states that the signature on the disbursement form does not belong to him and that he did not even conduct expedited legal mail rounds in Plaintiff's housing unit on November 19, 2003. Defendant Johns offers his time sheet for November 19, 2003, which shows that he began work at 10:03 a.m. (*See* Defendant's Exhibit C.) In addition, Defendant Johns offers three other Disbursement Authorization Forms which were signed by Defendant. Defendant Johns states that when the signature on the form offered by Plaintiff is compared to Defendant Johns' signature on the other three forms, it is clear that the signature on the November 19, 2003, form is a forgery. (*See* Defendant's Exhibit D.)

In Plaintiff's response to the motion for summary judgment, Plaintiff states that the time he noted on the disbursement form was based on Defendant's statement to him that it was 9:30 a.m. Plaintiff states that he did not have access to a clock and was relying on Defendant for the correct time. Plaintiff further claims that according to MDOC Operating Procedure 05.03.118(IV)(G) and (I), Housing Unit Resident Unit Managers, Assistant Resident Unit

Supervisors or Case Managers must be available to process prisoner legal mail and court filing fees by 10:00 a.m. every business day. (*See* Plaintiff's Exhibit A.) Plaintiff contends that, therefore, it is reasonable to conclude that Defendant told Plaintiff it was 9:30 a.m., and then recorded that time himself in order to comply with the operating procedure. Plaintiff further denies that he forged Defendant's signature on the November 19, 2003, disbursement form.

After reviewing the record in this case, the undersigned concludes that Plaintiff has succeeded in demonstrating the existence of a genuine issue of material fact regarding whether Defendant Johns picked up Plaintiff's legal mail on November 19, 2003. The undersigned notes that upon a comparison of the signature on the November 19, 2003, disbursement form, and the signatures on the disbursement forms offered by Defendant as Exhibit C to his brief, they do appear to be different. However, the undersigned is not a handwriting expert. Moreover, Plaintiff atttests that he was unaware of the actual time that Defendant Johns made rounds and was relying on Defendant Johns for the correct time. Therefore, because there is an issue of fact in this case, Defendant Johns is not entitled to summary judgment.

Defendant Johns asserts that he is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40.  *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful.  *Anderson*, 483 U.S. at 639-40.  Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights.  *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983.  Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty.  *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten).  *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983

even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Id*. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

As noted above, there is a genuine issue of material fact in this case regarding whether Defendant took Plaintiff's legal mail on November 19, 2003, and failed to submit it for mailing. This allegedly caused Plaintiff to be barred from appealing his criminal conviction in the Michigan Supreme Court. Such conduct, if true, violates Plaintiff's First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Therefore, the undersigned concludes that Defendant Johns is not entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has sustained his burden of proof in response to Defendant Johns' Motion for Summary Judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #25) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

          /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 5, 2006