UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY BROWN,                          )
                                       )
        *Plaintiff*,                   )
v.                                     )    Case No. 2:05-cv-43
                                       )    *Hon. R. Allan Edgar*
PHIL JOHNS,                            )
                                       )
        *Defendant*.                   )

**MEMORANDUM**

Plaintiff Johnny Brown, a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), brings this action pursuant to 42 U.S.C. § 1983 for violation of his First Amendment right of access to the courts. Defendant Phil Johns is a Case Manager with the MDOC. This court has dismissed the other defendant from this action. The only claim that remains is Brown's claim against Johns in his individual capacity for violation of his First Amendment right of access to the courts. In his complaint Brown requests $250,000 in damages, declaratory relief, and injunctive relief. [Court Doc. No. 1].

I.      **Background**

The parties dispute the relevant facts of this case. The plaintiff contends that on November 19, 2003 at 9:30 a.m., he gave Defendant Johns his application for leave to appeal his Michigan state criminal conviction to the Michigan Supreme Court. Plaintiff claims that the due date to file his appeal with the Michigan Supreme Court was November 27, 2003. Plaintiff asserts that Defendant Johns signed a verification of receipt and took the appeal documents to be mailed via the expedited legal mail procedure.

On February 24, 2004, Plaintiff wrote to the Michigan Supreme Court Clerk seeking to determine the status of his application for leave to appeal.  Plaintiff received a letter from the Clerk dated March 1, 2004 indicating that the Clerk's office had no record of having received Plaintiff's appeal papers and indicating that the deadline for filing such an appeal had passed. Plaintiff contends that Defendant Johns' failure to mail his application for appeal in a timely manner caused plaintiff to be barred from appealing his criminal conviction in the Michigan Supreme Court.  Plaintiff claims that Johns' failure to act violated his First Amendment right of access to the courts.  The Plaintiff claims that the Defendant retaliated against him for exercising his right to petition the government for a redress of grievances protected under the First Amendment of the United States Constitution.

Defendant Johns contends that he did not take possession of Plaintiff's Application for Leave to Appeal on November 19, 2003.  The Defendant disputes Plaintiff's contention that he signed a copy of a Disbursement Authorization Form on November 19, 2003.  Johns further claims that the signature on the disbursement form is not his signature.  Johns contends that he completes his expedited legal mail rounds by 10:00 a.m. each day.  He further asserts that he did not arrive at work until 10:30 a.m. on November 19, 2003 and did not make expedited legal mail rounds in plaintiff's housing unit at all on that day.  Defendant Johns argues that Plaintiff did not give him any legal mail on November 19, 2003 and that Plaintiff cannot demonstrate that Johns' misconduct caused Plaintiff to miss the deadline for filing his appeal.

## II.    Analysis

Although Defendant Johns has not moved to dismiss Plaintiff's claim for damages under Fed. R. Civ. P. 12(b)(6), this court has reviewed whether Plaintiff has stated a claim upon which

relief can be granted.  This court concludes that Brown is not entitled to damages for a violation of his First Amendment right of access to the courts unless his underlying conviction has been expunged or overturned under the rule set forth in *Heck v. Humphreys*.  512 U.S. 477, 114 S.Ct. 2364 (1994).  Thus, Plaintiff is also not entitled to a jury trial.  In short, Brown's complaint shall be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) to the extent that it makes a claim against Johns for money damages.

State prisoners have a fundamental right of access to the courts protected under the First and Fourteenth Amendments.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996); *Crockett v. Caruso*, 2006 WL 1275055, * 4 (W.D. Mich. May 5, 2006).  A prisoner claiming that he was denied his constitutional right of access to the courts must plead and prove that he suffered an actual litigation-related injury or legal prejudice to a non-frivolous claim because of the defendant's intentional actions.  An actual injury does not occur without a showing by the plaintiff prisoner that a non-frivolous claim has been lost or rejected by a court, or that the prisoner's presentation of such a claim is currently being prevented by the defendant's actions. *Lewis*, 518 U.S. at 349-51, 354-56; *Clark v. Corrections Corp. of America*, 113 F.App'x. 65, 68 (6th Cir. 2004).

Whether an access-to-courts claim turns on a litigating opportunity yet to be gained, or on a litigating opportunity already lost, the ultimate point of recognizing an access-to-courts claim is to provide some vindication for a separate and distinct constitutional right to seek judicial relief for some wrong.  *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).  In *Christopher*, the Supreme Court states that its caselaw concerning the basis and existence of a constitutional right

of access to courts rests "on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."  *Id*. at 415. When it comes to proving an actual injury, a prisoner's claim of a violation of his constitutional right of access to the courts is ancillary to and depends upon his underlying claim or action. Brown's "underlying claim" or "underlying action" is his direct appeal to the Michigan Supreme Court challenging: (1) the trial court's denial of a competency evaluation; (2) the removal of his leg irons in the presence of the jury; (3) the effectiveness of the assistance of his counsel; and (4) his sentence.

Prison officials may violate a prisoner's right of access to the courts by confiscating and/or destroying the prisoner's legal materials and papers.  *Ruiz v. Fisher*, 165 F.3d 28 (Table, text in 1998 WL 661139, *2 (6th Cir. Sept. 2, 1998)); *Simmons v. Dickhaut*, 804 F.2d 182, 183-84 (1st Cir. 1986) (collecting cases); *Carter v. Hutto*, 781 F.2d 1028, 1031-32 (4th Cir. 1986).  In *Ruiz*, 1998 WL 661139 at *2, the Sixth Circuit explains that the confiscation or destruction of a prisoner's legal material and papers by a prison guard or official may be justified only if it is reasonably related to a legitimate penalogical interest.  Furthermore, to establish a constitutional access to the courts violation under 42 U.S.C. § 1983, a prisoner must plead and prove that the violation was intentional, not merely negligent.  *Ruiz*, 1998 WL 61139, at * 2.

Brown's complaint is sufficient to meet these basic requirements for pleading a claim that Johns violated Brown's constitutional right of access to the courts, but only to the extent that the amended complaint demands injunctive relief and a declaratory judgment.  *Heck v. Humphrey* bars Brown's claim for damages under 42 U.S.C. § 1983.  512 U.S. 477.

Under federal law, there are two main avenues open for state prisoners to seek relief on

complaints related to their imprisonment: a petition for habeas corpus under 28 U.S.C. § 2254 and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting the duration of confinement are the province of habeas corpus under 28 U.S.C. § 2254. Claims seeking relief that turn on the circumstances and conditions of confinement may be presented by state prisoners under 42 U.S.C. § 1983. *Hill v. McDonough*, 126 S.Ct. 2096, 2101 (2006); *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hodges v. Bell*, 170 F. App'x. 389, 392 (6th Cir. 2006). "Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." *Muhammad*, 540 U.S. at 750-51.

*Heck*, 512 U.S. 477, deals with hybrid state prisoner cases where 42 U.S.C. § 1983 and 28 U.S.C. § 2254 intersect and collide. In *Heck*, the Supreme Court held that in order for a plaintiff prisoner to recover money damages in a federal civil rights action brought under 42 U.S.C. § 1983 for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a criminal conviction or sentence invalid, the prisoner must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state court authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A claim for money damages bearing that relationship to a judgment of conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.

When a state prisoner brings a civil rights action under 42 U.S.C. § 1983 seeking money

damages, the federal district court must consider whether a judgment in favor of the plaintiff

prisoner in the § 1983 lawsuit would "necessarily imply the invalidity of his conviction or

sentence."  If it would, then the § 1983 complaint for money damages must be dismissed unless

the plaintiff prisoner can demonstrate that his conviction or sentence has already been

invalidated.  But if the federal district court determines that the prisoner's 42 U.S.C. § 1983

action, even if successful, will not demonstrate or necessarily imply the invalidity of the

prisoner's outstanding judgment of conviction or sentence, then the § 1983 action should be

allowed to proceed in the absence of some other reason to bar the § 1983 action.  *Heck*, 512 U.S.

at 486-87.

  This is commonly referred to as the *Heck* favorable termination rule.  Conditioning the

right of a state prisoner to bring an action for damages under 42 U.S.C. § 1983 based on a

favorable termination of the underlying state criminal proceeding or a federal habeas action

achieves the practical objective of preserving limitations on the availability of habeas relief under

28 U.S.C. § 2254.  *Muhammad*, 540 U.S. at 751.  Federal petitions by state prisoners for habeas

relief may be granted only after other avenues of relief available in the state courts have been

exhausted.  *Id.*; *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1).

  The *Heck* favorable termination rule applies in civil rights suits brought by prisoners

seeking money damages under 42 U.S.C. § 1983 claiming a violation of their federal

constitutional right of access to the courts.  In the wake of *Heck*, Brown's claim for money

damages against Johns must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) for

failure to state a claim upon which relief can be granted because it necessarily implies the

invalidity of Brown's conviction and sentence in the Michigan state court.  *Hoard v. Reddy*, 175

F.3d 531 (7th Cir. 1999); *Nance v. Vieregge*, 147 F.3d 589, 591-92 (7th Cir. 1998); *Holmes v. Grant*, 2006 WL 851753, ** 12-14 (S.D.N.Y. March 31, 2006); *Horton v. Snyder*, 2005 WL 1958360 (S.D. Ill. Aug. 10, 2005); *Adams v. Pucinski*, 2002 WL 31497340, ** 4-6 (N. D. Ill. Nov. 8, 2002); *Maron v. Schopen*, 2001 WL 34376851, ** 2-3 (W.D. Wis. May 24, 2001).

To adequately plead and state a claim cognizable under 42 U.S.C. § 1983 based on a violation or deprivation of his constitutional right of access to the courts, Brown is required to allege and show that he has suffered an actual injury. *Lewis*, 518 U.S. at 349. Damages cannot be awarded in the absence of an actual injury. Brown's amended complaint avers that he has suffered "irreparable harm" (actual injury) to his underlying appeal to the Michigan Supreme Court.

Brown's claim is deficient because it does not plead and allege that his Michigan state conviction and sentence have been reversed or invalidated by a state or federal court exercising proper jurisdiction. Based on *Heck*, Brown cannot meet his burden of pleading an actual injury sufficient to state a claim for money damages under 42 U.S.C. § 1983 without alleging and showing that his underlying conviction has been reversed or otherwise invalidated. Therefore, Brown's claim for money damages under 42 U.S.C. § 1983 is barred by *Heck*.

The dismissal of the claim for money damages does not mean that Brown is left without redress in the instant case. The *Heck* favorable termination rule applies to § 1983 suits by state prisoners seeking declaratory and injunctive relief to the extent that it would imply the invalidity of their underlying conviction. *See Addie*, 2006 WL 1008595, at * 3. But *Heck* does not completely bar Brown from seeking all declaratory and injunctive relief from Johns. *Hoard*, 175 F.3d at 533-34; *Horton*, 2005 WL 1958360, at * 4; *Lueck v. Wathen*, 262 F.Supp.2d 690, 697-99

(N.D. Tex. 2003). This court can hold a bench trial regarding Brown's claim for declaratory and injunctive relief based on an alleged violation of his constitutional right of access to the courts.

Assuming a*rguendo* that Brown prevails on his claim, any declaratory relief would be limited to a declaratory judgment and finding that Johns intentionally failed to mail Brown's legal appellate materials and that such conduct on the part of Johns constitutes a deprivation or violation of Brown's constitutional right of access to the courts.

The court wants to make it crystal clear to Brown that there is a significant limit on the nature and extent of any declaratory and injunctive relief that may be awarded to him in this suit brought under 42 U.S.C. § 1983. This Court cannot grant declaratory and injunctive relief to Brown that would in effect amount to collateral relief from his judgment of conviction and sentence in the Michigan state courts. This § 1983 civil rights suit is not a proper method or vehicle for Brown to mount a collateral attack on the validity of his outstanding Michigan conviction judgment. *Preiser*, 411 U.S. at 487; *Hoard*, 175 F.3d at 533. This Court does not have the authority in this 42 U.S.C. § 1983 civil rights action to enter a declaratory judgment and injunction that determines or implies that Brown's Michigan judgment of conviction and sentence is invalid or void. *Id.*; *Horton*, 2005 WL 1958360, at * 4; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (42 U.S.C. § 1983 must yield to 28 U.S.C. § 2254 with its attendant procedural and exhaustion requirements where a state prisoner seeks injunctive relief challenging the validity of his conviction). In short, this § 1983 action cannot serve as a substitute for a petition for writ of habeas corpus under 28 U.S.C. § 2254.

## III.   Conclusion

Based on Brown's failure to state a claim upon which relief can be granted and pursuant

to 28 U.S.C. §§ 1915(e) and 1915A(b), this court will issue an order dismissing Plaintiff's claim

for damages pursuant to 42 U.S.C. § 1983 for violation of his First Amendment right of access to

the courts.  This court will hold a bench trial on plaintiff's claim for declaratory and injunctive

relief on his First Amendment claim beginning on August 20, 2007 at 9:00 a.m.

     A separate order will enter.


Dated: 8/16/07

                                   */s/ R. Allan Edgar*
                                   R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE