UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY BROWN,   ) | |
| ) | |
| *Plaintiff*,   ) | |
| v.   ) | Case No. 2:05-cv-43 |
| ) | *Hon. R. Allan Edgar* |
| PHIL JOHNS,   ) | |
| ) | |
| *Defendant*.   ) | |

## MEMORANDUM AND ORDER

In this suit brought pursuant to 42 U.S.C. § 1983, the plaintiff, Johnny Brown, an inmate at the Michigan Department of Corrections, asserts that Defendant Phil Johns, a corrections officer, violated his First Amendment right of access to the courts. Brown seeks monetary damages, declaratory, and injunctive relief. For reasons set forth in this Court's memorandum filed August 16, 2007 [Court Doc. No.68], this court has dismissed Brown's compensatory damages claim as being foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994). The case went forward as a bench trial on August 20, 2007 on Brown's claim for equitable declaratory and injunctive relief. The Court heard testimony from Brown and Johns. The Court has also considered several exhibits offered by the parties. This memorandum is this Court's findings of fact and conclusions of law.

Brown's contention is that on November 19, 2003 at Marquette Branch Prison, he gave Johns certain papers appealing his most recent convictions in the Michigan state courts. Those convictions were for assaulting a prison employee and related charges.[1] His assault convictions

---

[1] Brown was originally in prison serving a life sentence on a felony-murder conviction. He is still serving that sentence.

had been upheld by the Michigan Court of Appeals, and Brown says that on November 19th he desired to appeal those convictions to the Michigan Supreme Court. He alleges he gave the papers for that purpose to Johns. Brown further claims that Johns purposely failed to mail the papers, thereby causing him to miss his deadline for filing.

The facts fall far short of proving Brown's contentions by a preponderance of the evidence. The procedure for sending legal mail by prisoners is as follows: The prisoner completes a portion of a form entitled "Expedited Legal Mail-Prisoner." When the mail is picked up by the corrections officer, the officer prints his/her name and title on the form, and signs the form noting the date and time. The prisoner also signs the form and notes the date and time. There are four copies of the form, which is a carbon write-through form. The prisoner is given a copy of the form.

At trial Brown was unable to produce his copy of the form–only what he says is a machine copy of his copy of the form. This machine copy does not contain Johns' signature, nor does it contain the signature of any other prison staff member. It only purports to contain Johns' printed name. The time placed on the form is 9:30 A.M. Yet Johns did not punch in at the prison time clock until 10:03 that morning, and the log book for Brown's cell block does not show that Johns entered the cell block that morning. Johns testified that he did not pick up any legal mail from Brown that day and testified further that his printed name on the "Expedited Legal Mail" form was not placed there by him. In view of the above facts, the court finds that Johns' testimony is more credible than that of Brown and that Johns never picked up Brown's legal mail on November 19, 2003, much less failed to mail it.

It is true, of course, that prison officials may violate a prisoner's right of access to the

courts by confiscating or destroying the prisoner's legal materials and papers unless justified by a legitimate penalogical interest. *Ruiz v. Fisher*, 165 F.3d 28 (Table, text in 1998 WL 661139,*2 (6th Cir. Sept. 2, 1998)); *Simmons v. Dickhaut*, 804 F.2d 182, 183-84 (1st Cir. 1986) (collecting cases); *Carter v. Hutto,* 781 F.2d 1028, 1031-32 (4th Cir. 1986). Here, however, Brown has not shown that there was a confiscation or destruction of his legal papers. He therefore has no cause of action under 42 U.S.C. § 1983.

There is another reason why Johns' testimony is credible and why Brown has failed to provide evidence to support his Section 1983 claim. To have an actionable claim under Section 1983, Brown must prove that Johns was more than merely negligent in losing the papers. It was incumbent upon Brown to prove that Johns acted intentionally. *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993); *Sims v. Landrum*, 170 F.App'x 954, 956 (6th Cir. 2006); *Ruiz v. Fisher*, 165 F.3d 28, 1998 WL 661139 *2 (6th Cir. 1998); *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005); *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005); *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004). This Brown has failed to do. There is no evidence that would support a conclusion that Johns had any animosity towards Brown or that Johns had any reason at all to lose Brown's papers.

Brown is entitled to no relief on his Section 1983 claim. A separate judgment will be entered for the defendant Johns.

ENTERED: 8/23/07

                                              /s/ R. Allan Edgar
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE